United States District Court
Southern District of Texas

**ENTERED**

July 29, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES E. FITTS, JR., | § | |
| TDCJ #740877, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-1847 |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Charles E. Fitts, Jr. (TDCJ #740877) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1), seeking relief from a judgment of conviction that was entered against him in 1996. Fitts has also filed a motion for appointment of counsel (Docket Entry No. 3), a motion to subpoena evidence (Docket Entry No. 8), first motion supplementing Petition (Docket Entry No. 4), and second motion supplementing Petition (Docket Entry No. 9). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

## I.  Background

On February 2, 1996, Fitts was convicted by a jury in the 155th Judicial District Court of Austin County, Texas, and sentenced to life imprisonment in Cause No. 94R-095.[1]  Court records reflect that Fitts was convicted of capital murder by arson and capital murder for remuneration in connection with the death of his wife, which was affirmed on direct appeal.[2]  See Fitts v. State, 982 S.W.2d 175 (Tex. App. — Houston [1st Dist.] 1998, pet. ref'd).  The Texas Court of Criminal Appeals refused Fitts's petition for discretionary review on February 24, 1999.

In a federal habeas Petition that is dated May 21, 2021,[3] Fitts now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 because the charges lodged against him were not supported by a "valid complaint."[4]  Fitts

---

[1]Petition, Docket Entry No. 1, p. 2.  For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Fitts was also convicted of arson causing bodily injury or death in Cause No. 94R-096.  Fitts has challenged that conviction in a separate federal habeas corpus action, which has been dismissed as untimely.  See Fitts v. Lumpkin, Civil No. H-21-2220 (S.D. Tex. July 26, 2021).

[3]Fitts signed the Petition on May 21, 2021, indicating that he placed his pleadings in the prison mail system for delivery to the court on that same day.  See Petition, Docket Entry No. 1, pp. 17-18.  His pro se submissions are treated as filed on the date he placed them in the prison mail system under the prison mailbox rule, which also applies to post-conviction proceedings in Texas. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

[4]Petition, Docket Entry No. 1, p. 10.

argues that under Texas law every grand jury indictment must be supported by a "complaint and affidavit and jurat" in order to vest a trial court with jurisdiction.[5]   Fitts argues that without a valid complaint his conviction in Cause No. 94R-095 is void for lack of jurisdiction.[6]

## II.  <u>Discussion</u>

### A.   The One-Year Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review.  The applicable limitations period, which is found in 28 U.S.C. § 2244(d), provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>
>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5]<u>Id.</u> at 9 (citing Articles 2.04, 2.05, and 2.06 of the Texas Code of Criminal Procedure).

[6]<u>Id.</u> at 11-13.

> > (C) the date on which the constitutional
> >     right asserted was initially recognized
> >     by the Supreme Court, if the right has
> >     been newly recognized by the Supreme
> >     Court and made retroactively applicable
> >     to cases on collateral review; or
> >
> > (D) the date on which the factual predicate
> >     of the claim or claims presented could
> >     have been discovered through the exercise
> >     of due diligence.

28 U.S.C. § 2244(d)(1).  Fitts has submitted his claims for relief on a standard form Petition that sets out the AEDPA statute of limitations in full, affording him notice and an opportunity to explain why the Petition is not time-barred.[7]  See Day v. McDonough, 126 S. Ct. 1674, 1684 (2006) (noting that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a pro se petition as barred by limitations).

Fitts argues that his Petition is timely because constitutional and civil rights violations may be raised at any time.[8]  Fitts is mistaken.  Because he challenges a state court judgment, the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A) began to run when his time to seek direct review expired.  As noted above, the Texas Court of Criminal Appeals denied his petition for discretionary review on February 24, 1999.  Although he did not appeal further by filing a petition for a writ

---

[7]See Petition, Docket Entry No. 1, p. 16.

[8]See id.

-4-

of certiorari with the United States Supreme Court, his time to do so expired ninety days later on May 25, 1999. See Sᴜᴘ. Cᴛ. R. 13.1. That date triggered the statute of limitations found in 28 U.S.C. § 2244(d)(1)(A), which expired one year later on May 25, 2000. The pending federal Petition, which was filed on May 21, 2021, is more than twenty years late and is therefore time-barred unless a statutory or equitable exception applies.

**B.   Fitts is Not Entitled to Statutory Tolling**

A federal petitioner may be entitled to tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. Although Fitts reports that he did not file a state application for a writ of habeas corpus or any other motion for collateral review of his conviction,[9] public records from the Austin County District Clerk's Office show that he filed an application for state habeas relief with the trial court on April 23, 2021. See Ex parte Charles Edward Fitts, Jr., Cause No. 94R-095-A (155th Dist. Ct., Austin County, Tex.). The Texas Court of Criminal Appeals denied that application without a written order on findings made by the trial court on June 9, 2021. See In re Charles Edward Fitts, Jr., WR-92,700-01 (Tex. Crim. App.).

---

[9]Petition, Docket Entry No. 1, pp. 3-4.

Because this state habeas proceeding was filed well after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

The pleadings do not disclose any other basis for statutory tolling. Fitts does not allege facts showing that state action prevented him from filing a timely federal petition. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, he does not demonstrate that his allegations are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). As a result, statutory tolling will not save Fitts's untimely Petition.

## C.   Equitable Tolling Is Not Available

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). The

-6-

chronology in this case reflects extensive delay, and Fitts offers no explanation for his failure to pursue habeas review with the requisite diligence. The Fifth Circuit has repeatedly held that "[e]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (internal quotation marks omitted) (citing Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006))).

The court notes that Fitts claims to be actually innocent in this case.[10] A free-standing allegation of actual innocence is not an "independent constitutional claim" that is actionable on federal habeas corpus review. See Herrera v. Collins, 113 S. Ct. 853, 869 (1993); see also Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir. 2003) (observing that the Fifth Circuit has repeatedly held that claims of actual innocence are "not cognizable" on federal habeas review) (citations omitted)). If proven, however, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851,

---

[10]See Second Motion Supplementing Petition, Docket Entry No. 9, p. 3.

865 (1995).   To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in [] light of the new evidence." <u>Id.</u> at 867. Fitts falls far short of this showing.

In support of his claim that he is actually innocent Fitts presents a letter dated March 11, 2014, from the State Fire Marshal's Office, which states that re-testing of evidence in his arson case with present-day scientific methods could not substantiate the conclusion that flammable liquid was used to start the fire that consumed Fitts's home, resulting in the death of his wife, and that the official cause of the fire should be listed as "undetermined."[11]   The letter does not undermine findings made by the state court of appeals, which reviewed all of the evidence at trial and concluded that there was legally and factually sufficient evidence to support Fitts's convictions for arson and capital murder for remuneration by intentionally and knowingly causing his wife's death.   <u>See</u> <u>Fitts</u>, 982 S.W.2d at 185-89.   The letter presented by Fitts does not qualify as exculpatory under the standard articulated in <u>Schlup</u> and is not sufficient to overcome the state court's fact findings, which are presumed correct on federal habeas review.[12]

_____

[11]<u>See</u> Letter dated March 11, 2014, from the Texas Department of Insurance, State Fire Marshal's Office, Exhibit No. 1 to Second Motion Supplementing Petition, Docket Entry No. 9, pp. 6-7.

[12]Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing (continued...)

Absent a showing that he is actually innocent, Fitts is not entitled to tolling under McQuiggin. Because the pleadings do not otherwise disclose a valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

**D.   Alternatively, Fitts Fails to State a Claim for Federal Habeas Relief**

In his sole claim for relief Fitts contends that his indictment was insufficient to vest the trial court with jurisdiction because it was not preceded by a complaint.[13]   He argues, therefore, that his conviction in Cause No. 94R-095 is void.[14]   This claim is without merit.

In support of his claim that the trial court lacked jurisdiction Fitts provides a letter from the Criminal District Attorney for Austin County, who states that there were no complaints filed in Cause Nos. 94R-095 and 94R-096.[15]   The District

---

[12](...continued)
evidence." 28 U.S.C. § 2254(e)(1).   The state appellate court's findings about the facts of the offense in the trial record are entitled to the presumption of correctness.   See 28 U.S.C. § 2254(e)(1); Sumner v. Mata, 102 S. Ct. 1303, 1304 (1982) (per curiam) (stating that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact"); Moody v. Quarterman, 476 F.3d 260, 268 (5th Cir. 2007) (same) (citations omitted).

[13]Petition, Docket Entry No. 1, pp. 10-13.

[14]Id. at 13.

[15]See Letter dated April 5, 2021, from Criminal District Attorney for Austin County, Travis J. Koehn, Exhibit No. 2 to First Motion Supplementing Petition, Docket Entry No. 4, p. 14.

Attorney explains, however, that the felony charges in those cases were presented directly to the Austin County Grand Jury in compliance with Articles 21.01 and 21.02 of the Texas Code of Criminal Procedure, which govern the required elements for a sufficient indictment.[16] Fitts has not shown that his indictments were improperly obtained in violation of state law or that the trial court lacked jurisdiction. See Rodriguez v. State, 491 S.W.3d 18, 26 (Tex. App. — Houston [1st Dist.] 2016, pet. ref'd) ("'There is no statutory requirement for a prosecutor to file a complaint before a grand jury issues an indictment.'") (citations omitted); see also Ex parte Gibson, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (observing that the presentment of a charging instrument to the trial court is sufficient to invest that court with jurisdiction over the case as a matter of Texas law). More importantly, Fitts fails to establish that his conviction was tainted by a constitutional violation.

Because Fitts fails to state a claim upon which federal habeas corpus relief may be granted, his Petition will be dismissed for this alternative reason.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when

---

[16] Id.

entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

## IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) filed by Charles E. Fitts, Jr., is **DISMISSED with prejudice.**

2.  All of the petitioner's pending motions (Docket Entry Nos. 3, 4, 8, 9) are **DENIED.**

3.  A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 29th day of July, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE